# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

```
————————————————————————X
In re:                                    :
                                          :
Mark Jay Lerner,                          :          Chapter 7
                                          :          Case No. 10-52128
            Debtor.                       :
————————————————————————X

Stephanie Lerner,                         :
            Plaintiff,                    :
                                          :
      – vs –                              :          Adv. Pro. No. 10-5099
                                          :
Mark Jay Lerner,                          :
            Defendant.                    :
————————————————————————X
```

Appearances:

```
Elizabeth Austin, Esq.                    :          For Plaintiff
Jessica Grossarth, Esq.                   :
Pullman & Comley, LLC                     :
850 Main St., P.O. Box 7006               :
Bridgeport, CT                            :

Matthew K. Kelsey, Esq.                   :
Gibson, Dunn & Crutcher LLP               :
200 Park Ave., 47th Fl.                   :
New York, NY                              :

Mark Jay Lerner                           :          Defendant, *Pro Se*
1350 Avenue of the Americas, 3rd Fl.      :
New York, NY                              :
```

Alan H. W. Shiff, United States Bankruptcy Judge:

Memorandum and Order on
Defendant's Motion to Dismiss

Page 1 of 6

## Introduction

At issue here is whether four new counts objecting to the defendant's discharge, asserted in the plaintiff's First Amended Complaint (doc. #12), are time barred.  For the reasons that follow, the defendant's motion to dismiss those counts is granted.

## Background

The parties are embroiled in a contentious divorce proceeding that was commenced by the plaintiff wife on January 31, 2008, in the Supreme Court of the State of New York (New York County) (hereafter, "New York Court"), Index Number 301039/2008.  On September 5, 2010, the defendant husband filed a chapter 7 petition.  On December 6, 2010, the plaintiff commenced this adversary proceeding, with a three-count complaint, objecting under 11 U.S.C. § 523 to the *dischargeability* of debts alleged to be owed by the defendant.  (Doc. #1; hereafter, "Original Complaint").  On that date, she also filed, in the main case, a "Motion for an Order Authorizing an Examination of the Debtor and Production of Documents Pursuant to Fed. R. Bankr. P. 2004" (Case No. 10-52128, doc. # 26; hereafter, "2004 Motion").

On February 7, 2011, the plaintiff filed an amended complaint, which added four new counts objecting to the defendant's *discharge* under 11 U.S.C. § 727(a).  (*See* doc. #12; hereafter, "Amended Complaint").  On February 18, 2011, the defendant filed the instant Motion to Dismiss Plaintiff's Fourth, Fifth, Sixth, and Seventh Causes of Action (doc. #14) raised in the Amended Complaint, asserting that they fail to state a claim upon which relief can be granted because they are time barred (hereafter, "§ 727 Counts").

## Discussion

Federal Rule of Civil Procedure 12(b)(6), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7012, provides a defense to a claim which fails to "state a claim upon which relief can be granted."  In bankruptcy, certain claims are required to be made within prescribed time periods.  For example, Rules 4004(a) and

4007(c) of the Federal Rules of Bankruptcy Procedure provide time restrictions for complaints relating to a debtor's discharge and the discharge of certain debts, respectively.  The Supreme Court has referred to these as "claim-processing" rules.  *See Kontrick v. Ryan*, 540 U.S 443, 457 (2004).  One of the purposes of such claim-processing rules is to "afford the debtor an affirmative defense to a complaint filed outside" of the applicable rule's time limit.  *Id.*  Thus, were a § 727 complaint is commenced outside the 60-day time period of Rule 4004(c), a debtor-defendant can seek its dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

There is no dispute that the Original Complaint was filed within the period prescribed by Bankruptcy Rule 4007(c).  Indeed, it was filed on the last available day under that rule.  Nor is there any dispute that the Original Complaint was limited to the dischargeability of alleged debts under "11 U.S.C. §§ 523(a)(5), 523(a)(6) and 523(a)(15)".  (Original Complaint at ¶1.)

The relevant text of the Original Complaint is sparse.  After a brief acknowledgment of the debtor's chapter 7 case and some background regarding his alleged support obligations (*see* Original Complaint at ¶¶ A-B), the plaintiff alleges that there is a pending "Personal Injury Lawsuit".  (*See id.* at ¶C, 12-13.).  Then, under the heading "As and For a First Cause of Action", the plaintiff alleges that the New York Court's "Support Orders" created a domestic support obligation ("DSO"), *see* § 101(14A), which is a non-dischargeable debt under § 523(a)(5).  She further alleges in her Second Cause of Action, that to the extent that the Support Orders are not a DSO debt, they are nondischargeable under § 523(a)(15).  (*See id.* at ¶¶ 18-21.)  The Third Cause of Action alleges that the defendant's potential obligations in a personal injury action, pending in the State of New York, "are the result of the "[d]efendant's willful and malicious conduct" and should not be discharged pursuant to § 523(a)(6).  (*Id.* at ¶¶ 23-25.)  There is not a single allegation in the Original Complaint that states, or even suggests, that the plaintiff was objecting to the debtor's discharge under § 727.  To accomplish that objective, on February 7, 2011, *two months* after the bar date had passed, the plaintiff filed the Amended Complaint.

Federal Rule of Bankruptcy Procedure 4004 provides:

> (a) TIME FOR OBJECTING TO DISCHARGE . . . .  In a
> chapter 7 case a complaint . . . objecting to the debtor's
> discharge shall be filed no later than 60 days after the first
> date set for the meeting of creditors under § 341(a).
> . . .
> (b) EXTENSION OF TIME.  On motion of any party in interest . . .
> the court may for cause extend the time to file a complaint
> objecting to discharge.  The motion shall be filed before the time
> has expired.

To overcome the time bar obstacle set by Rule 4004, the plaintiff resorts to Rule 15(c) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7015(c), which provides in relevant part:[1]

> (1)  When an Amendment Relates Back.  An amendment to a
> pleading relates back to the date of the original pleading when:
> . . .
>> (B) the amendment asserts a claim . . . that arose out of the
>> conduct, transaction, or occurrence set out—or attempted to
>> be set out—in the original pleading; . . .

The issue then is whether the § 727 Counts assert claims raised or sought to be raised in the Original Complaint.  As noted, *see, supra*, at 3, the Original Complaint was divided into four parts: part (A), a skeletal background of the chapter 7 case; part (B), allegations regarding the pending divorce proceedings in the New York Court and orders of that court; part (C), allegations relating to a personal injury lawsuit pending in the New York Court for injuries caused by willful and malicious conduct; and a final part that stated the three causes of action asserted under §§ 523(a)(5), (6), and (15).

As to the § 727 Counts: § 727(a)(2) relates to the transfer, removal, destruction, mutilation, or concealment of property; § 727(a)(3) relates to concealing, destroying, mutilating, falsifying or failing to keep recorded information; § 727(a)(4) includes knowingly and fraudulently making a false oath or claim; and § 727(a)(5) relates to a

---

[1]  There is no dispute that subparagraph (1)(B) is the only relevant part of Rule 7015(c).

failure to explain any loss of assets.  A comparison of the two complaints demonstrates that no claims were alleged in the Original Complaint that could reasonably support the claims alleged in the § 727 Counts in the Amended Complaint.  Indeed, it is implausible that a reading of the Original Complaint would provide notice to the defendant that the plaintiff was objecting to his discharge.

Perhaps recognizing this glaring omission in her Original Complaint, the plaintiff appears to argue that even if the Amended Complaint does not by itself relate back, the court should not view the Original Complaint in isolation but, rather, in conjunction with the claims she made in her 2004 Motion.  That argument cannot be reconciled with the text of Rule15(c)(1)(B).

The relation back provision of Rule 15(c)(1)(B) requires a comparison between an *amendment* and the *original pleading*.  Proceedings to object to a debtor's discharge or the dischargeability of a debt are governed by the Rules of Part VII of the Federal Rules of Bankruptcy Procedure.  *See* Rule 7001 (4) and (6).  Adversary proceedings are commenced by filing a complaint.  *See* Fed. R. Civ. P. 3 and 7(a)(1), Fed. R. Bankr. P. 7003 and 7007(a)(1).  If another document could be considered to be part of the Original Complaint, so that a proposed amendment could relate back to that document, the condition precedent of Bankruptcy Rule 7015(c)(1)(B) (*i.e.*, that "the claim . . . set out—or attempted to be set out—*in the original pleading*") to the relief (*i.e.*, an amendment) would be nullified.  Indeed, by the plaintiff's analysis, all amendments would relate back so long as the amending party had filed a motion that could be considered to widen the scope of the original complaint.  However, since the plaintiff's 2004 Motion was not and cannot be a part of her original pleading, it does not provide a basis for relation back.

That aside, the plaintiff's claim that the 2004 Motion can be read to include § 727 issues is not supported by its text.  Even if there were allegations in that motion that might suggest that the defendant should have more property than he disclosed because, *e.g.*, he was a "successful businessman" and "enjoyed an affluent lifestyle" (*see* 2004 Motion at 8, ¶¶ 20, 21), those claims do not support the plaintiff's position that the 2004 Motion put the defendant on notice that he was potentially subject to new

§ 727 objections to his discharge.  To the contrary, the text of the 2004 Motion specifically address § 523 claims.  (*See, e.g., id.* at ¶ 9, ¶ 12.).  Moreover, the 2004 Motion states: "Here, [the plaintiff] proposes to use Bankruptcy Rule 2004 to determine the extent to which the [defendant] truly does not have any assets for distribution to unsecured creditors".  (*Id.* at 8, ¶ 20.)  Rather, it is reasonable to suspect that the Amended Complaint was an afterthought triggered by the apparent animosity each of the parties has for the other.


Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the defendant's Motion to Dismiss the § 727 Counts is granted.


Dated this 12th day of May 2011 in Bridgeport, Connecticut.


Alan H. W. Shiff
United States Bankruptcy Judge